IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Vernon R. Chappelle, Sr.,<br>　　Plaintiff, | )<br>)<br>) |
| v. | )　　1:21cv863 (RDA/JFA)<br>) |
| Dr. Charles Campbell, *et al.*,<br>　　Defendants. | )<br>)<br>) |

## MEMORANDUM OPINION and ORDER

Vernon R. Chappelle, Sr. ("Chappelle" or "Plaintiff"), a Virginia inmate proceeding *pro se*, filed a civil rights action under 42 U.S.C. § 1983. [Dkt. No. 1]. The matter was screened pursuant to 28 U.S.C. § 1915A, and plaintiff was granted leave to file an amended complaint. [Dkt. No. 1]. Plaintiff filed an amended complaint alleging a violation of his Eighth Amendment rights because the defendants were deliberately indifferent to plaintiff's serious medical need (dupuytren contracture). [Dkt. No. 8 at 4]. On January 5, 2023, the Court granted Defendants Clarke and Watson's Motion to Dismiss [Dkt. Nos. 27, 28], as well as Defendants Allen and Searleman's Motion to Dismiss. [Dkt. Nos. 29, 30]. Dr. Campbell's Motion to Dismiss was denied because the amended complaint alleged Plaintiff's condition worsened over time due to Dr. Campbell's refusal to treat his dupuytren contracture. [Dkt. No. 29 at 10]. Defendant Dr. Campbell has now moved for summary judgment, supported by a brief and a declaration. [Dkt. Nos. 44, 46]. Plaintiff has exercised his right to file responsive materials to the motion to dismiss pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). [Dkt. Nos. 54-56]. For the reasons that follow, the motion for summary judgment must be denied.

## I. Summary Judgment

Summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The party seeking summary judgment has the initial burden to show the absence of a material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The facts shall be viewed, and all reasonable inferences drawn, in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255. "(A) party opposing summary judgment may not simply rest on the allegations of his complaint, but must instead come forward with specific evidence showing the existence of a genuine issue of fact." *Muhammad v. Giant Food*, 108 F. App'x 757, 764 (4th Cir. 2004) (citing *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991)).

While the defendant's motion for summary judgment contains a "Statement of Facts," it does not contain an Undisputed Statement of Facts as required by Local Rule 56(B). E.D. Va. Loc. R. Prac. 56(B) (a moving party shall file a brief in support of a motion for summary judgment, which "shall include *a specifically captioned section* listing all material facts as to which the moving party contends there is no genuine issue and citing the parts of the record relied on to support the *listed facts as alleged to be undisputed*."). Moreover, the Plaintiff's response establishes that significant and material facts are in dispute.

Contrary to Defendant's assertion that dupuytren contracture is a "painless condition," [Dkt. Nos. 46 at 3; 46-1 at ¶ 10], the medical records substantiate that Plaintiff complained about pain regarding his right hand on numerous occasions spanning several years; and also that he was prescribed pain medication. Plaintiff also continues to assert he suffers pain in his right hand. [Dkt. No. 55 at 3, 4]. While Dr. Campbell asserts that dupuytren contracture is not "amenable to surgery"

2

[Dkt. Nos. 46 at 3; 46-1 at ¶ 10], the medical records indicate that an orthopedic surgeon, Dr. Jacobsen, referred Plaintiff to a Dr. Chen, who Dr. Campbell also admits is an orthopedic surgeon, for a follow-up after he examined him and diagnosed Plaintiff's dupuytren contracture as "severe." [Dkt. Nos. 8-1 at 28; 46 at 3]. Despite the fact that the Court expressly noted that the record indicated that Plaintiff's dupuytren contracture had worsened (going from "mild" to "severe") the motion for summary judgment does not address this point.[1] Dr. Campbell's affidavit cites to Dr. Jacobsen's evaluation and the referral, and then reports what he says are Dr. Chen's opinions after Dr. Chen examined Plaintiff but he did not attach any records from either Dr. Chen or Dr. Jacobsen to his declaration; and his declaration does not cite to any portions of the record.[2]

In sum, based upon the summary judgment record, there are material disputes of fact regarding Chappelle's condition, its treatment, and whether it has worsened over time. Defendant Dr. Campbell's motion for summary judgment will be denied.

Accordingly, it is hereby

---

[1] The Court addressed the worsening of the condition in denying the motion to dismiss.

The record does not address why or how it came about, but the medical records of Chappelle's May 18, 2021 medical visit to Dr. Peter Jacobsen attached to the amended complaint noted a "severe dupuytren contracture of 5th finger on his right hand," and that Dr. Jacobsen referred Chappelle to Dr. Chen with "regard to his right hand." [*Id.* at 28]. Dr. Jacobsen's notes indicate that Chappelle's condition may have worsened over time and there is no explanation of the change from "mild" to "severe." In the context of a motion to dismiss, referral to an outside physician who then refers Chappelle to another doctor who indicates a condition may have worsened is sufficient to indicate the matter might be serious. *See Formica v. Aylor*, 739 F. App'x 745, 755 (4th Cir. 2018) ("Where a deliberate indifference claim is predicated on a delay in medical care, we have ruled that there is no Eighth Amendment violation unless 'the delay results in some substantial harm to the patient,' such as a 'marked' exacerbation of the prisoner's medical condition or 'frequent complaints of severe pain.'") (citations omitted).

[Dkt. No. 27 at 7, n.5].

[2] In his response to the motion for summary judgment, Plaintiff denies and avers that he was ever seen by Dr. Chen. [Dkt. Nos. 55 at 2, 4; 56 at 4]. The summary judgment record consists of Plaintiff's declaration, his medical records which he incorporated into his declaration, and the declaration of Dr. Campbell. [Dkt. Nos.8-1, 46-1, 56]. Dr. Campbell's declaration also includes information that relies upon matters that are not part of the record, namely the alleged examination by Dr. Chen.

3

**ORDERED** that Defendant Dr. Campbell's motion for summary judgment [Dkt. No, 44] is **DENIED**.

The Clerk is directed to send a copy of the Memorandum Opinion and Order to plaintiff *pro se* and to all counsel of record.

Entered this 29 day of November 2023.

Alexandria, Virginia

/s/
Rossie D. Alston, Jr.
United States District Judge